May it please the court, Davina Chen for Michael Brown. I'd like to reserve two minutes for rebuttal. The government's position in this case puts it at odds with numerous courts. First, contrary to every other district judge to reach this issue in Washington, the government asked this court to conclude that Washington's legislative exception for conspiring with a government agent does not apply to drug conspiracies. Second, contrary to every court of appeal to consider the issue, the government asks this court to determine that a crime that cannot be punished by more than one year unless additional facts are found and proved is in fact punishable by more than one year. This court should reject these arguments and reverse. So Ms. Chen, just to set the table here, you have your first argument. If we, just going down the decision tree here, if we agree with you on the first argument, let's say you're right and the Washington statute is broader than the government in this case suggests. As far as you're concerned, is this case over for the purposes of this court now and we send it back for resentencing? Yes. We don't need to reach all the other issues in the case? We don't need to reach all the other issues in the case. Proceed. So let's turn to that first issue then. It's undisputed that federal generic conspiracy does not permit conviction for conspiring with a government agent. And it's also undisputed that since 1997, Washington law does permit conviction for conspiracy, conspiring with a government agent. So the only question is whether Washington law treats drug conspiracies differently from all other conspiracies under Washington law. And it does not. Washington courts have consistently interpreted conspiracy for the purpose of drug conspiracies as defined by the general conspiracy statute. Therefore, the general conspiracy statute's exception provision that convictions can be maintained for conspiring with a government agent applies equally to drug conspiracies. Now the government argues that to permit conspiracies in the drug context, the Washington legislature in 1997 was required to amend the drug conspiracy statute directly. And there are at least three problems with their position. First, the Washington drug conspiracy statute contains no definition. So there is nothing to amend. Second, the government's suggestion would require subsection 2 of the general conspiracy definition to be broken into two parts. Subsection 2 has exceptions A through F. And the government's argument would require A through E, which provide that it's no defense that co-conspirators have not been and cannot be convicted, apply to all conspiracies, which the Washington Supreme Court has held in Pacheco and Guayaderas. But subsection F, which is what was added in 1997, specifically to reverse Pacheco, would apply only to non-drug conspiracies. And there's absolutely nothing in the statute that makes it look like A through E should apply to all conspiracies and F should not. And then third, as a matter of legislative intent, finding that the reach of provision F would attribute – excuse me, limiting the reach of provision F would attribute to the legislature a desire to allow sting operations in all cases except for drug conspiracies. And again, there's simply nothing in the statute that supports that. So, Ms. Chen, I have to say, in looking at this case, I was – maybe it's just the irony of the Taylor world. You're the defense attorney in this case, and you're arguing for a very broad reading of the state conspiracy statute. And the prosecution in this case is arguing for a very narrow interpretation of the conspiracy statute. Is that correct? That's correct. That's the Taylor world. We're constantly looking for sufficient cases in state court that show that state courts – Ms. Chen, would you please move closer to the podium? I can't hear you when you're not in the mic, and also I can't see you. I'm sorry. And the Taylor world is sometimes – I miss all those gestures. The Taylor world is sometimes known as the twilight zone for all of us. Twilight zone, that's right. And it's the world that we live in. And so, as a defense lawyer, I know that I am always looking for state court decisions that broadly interpret state court law, that I would not be looking for if I were practicing in state court. One of the things that I've struggled with here, and you obviously did too, is trying to come up with specific examples to meet the Duenas-Alvarez requirement. In your reply brief, you came up with one. It surprises me that since it's been 20 years, and it's not like there aren't prosecutions for drunk conspiracies, that we don't have more examples to choose from. And even that one doesn't seem – it's not rock solid in terms of making it clear what it was, because you're dealing with guilty pleas there. But is there anything else – and I assume you look pretty thoroughly – but is there anything else we can look to to establish that, in fact, Washington prosecutes drug conspiracies even though the only other members of the conspiracy are government agents? Well, we know they prosecute them because they did in Pacheco. I think the question is whether they can prosecute them. And I don't think the court actually needs to find an example because the Washington law so clearly allows that type of prosecution. But let me try to explain the reason why it's so hard to find the case, which goes to the next issue in the case. Washington conspiracy under Washington law is an unranked offense. So the statutory max is one year. A defendant cannot get more than one year unless aggravators are proved to a jury. So Washington prosecutors don't prosecute Washington drug conspiracies. They allow people to plead to Washington drug conspiracies. It's like a phone count. It's like the Washington version of a phone count. It's the Washington version of a phone count. So in Fuentes, we do have a case where the only other players in the case were indeed government agents, and that plea was allowed. But it's very difficult to find because you don't appeal a phone count and you don't appeal a Washington drug conspiracy. That makes sense. Does the court want me to address the second issue? I don't think so at this time. So do you want to reserve the rest of your time? Yes, sir. Thank you. May it please the court. Amy Jouquet on behalf of the United States. The district court was right here. Washington conspiracy to deliver a controlled substance is a controlled substance offense under federal sentencing guidelines. The court just asked a question about whether there are other cases out there that demonstrate the realistic possibility, which is required by Duane S. Alvarez, and there is not that type of a case. First of all, Pacheco is, of course, not that case because the Supreme Court in Washington decided that that was not a conviction that could stand. So that can't count. Fuentes as well, Your Honors, I would submit is not a case. Well, it was not a conviction that could stand in the pre-amended statute version, but we have the amended statute. And let me start by asking just is there logic in thinking that Washington would want to amend its general conspiracy statute, but not amend the drug conspiracy possibility? I mean, I have trouble understanding why they draw a line there. Your Honor, I think there is logic in that, yes. And the logic stems from the fact that the Washington legislature sets out two totally separate substantive offenses, drug conspiracy and criminal conspiracy. The prosecutors in Washington must charge drug conspiracy if they're looking at a drug conspiracy. They cannot charge under the criminal conspiracy statute. The punishments differ between those statutes. And, of course, the elements differ as well because delivery requires at least three people, which criminal conspiracy does not. So at a fundamental point, the legislature is setting out two totally separate crimes here. And you can see that from the way that the criminal conspiracy statute reads. It sets out the crime specifically called criminal conspiracy. It defines that crime. It sets out the elements for that crime. It sets out the defenses for that crime. And then it sets out the punishment. If that statute was repealed tomorrow, if Title IX itself was repealed tomorrow, Section 407 would still be there. The drug statute would stand. And, in fact, it predates Title IX. So it makes sense that these are being treated differently. And, of course, the statutes are modeled after the laws that are in place in the federal system, that being that Section 846 punishes drug conspiracy totally separately from Section 371, which punishes the general crime of criminal conspiracy. They function differently. It's not our argument that you can never look from one to the other to help make a definition, which is what the Washington courts have done over and over again in their conspiracy statutes. But they do not automatically apply to the other. And the fact that the criminal conspiracy statute was amended does not mean that the drug conspiracy statute was amended. I would submit, Your Honors, that you can tell that from the amendment text itself. That amendment never mentioned Section 407. It never mentioned drug conspiracy. The legislative history does reference Pacheco, which tells the court that the legislature had looked at that decision and knew, or at least can be inferred to know, that it applied to both the criminal conspiracy statute and separately the drug conspiracy statute. And it chose to only reference criminal conspiracy. Not only did it choose to just reference criminal conspiracy, it chose to amend specifically the defenses section of criminal conspiracy. So it did not amend the Title IX general definition section, which does exist. It amended the defenses to the crime, the separate substantive crime of criminal conspiracy, with no mention whatsoever to drug conspiracy. So Pacheco still stands on that issue. Your Honor, I wanted to make a point about the Fuentes decision, which we don't think demonstrates a realistic possibility that the law could be applied in the way that appellant posits. Specifically, that case involved a plea to conspiracy to deliver controlled substances in Washington. So it was not a jury conviction, as the other three counts were. And that's significant because of State v. Zao, which is cited at 157 Wash 2D 188, 2006 case, which sanctions compromise pleas such as this. And the court there specifically said that a defendant can plead guilty to charges with no factual basis, as long as the record shows a factual basis for the underlying charge. And so what that means is that the defendant in Fuentes could well have pled guilty to a conspiracy charge with no factual basis, and that would have been fine under Washington law, as long as the original delivery charge had the factual basis. So Fuentes is not a case that demonstrates a realistic possibility that the State would actually apply the amendment in the way that the appellant would like this court to believe. The appellant questions whether or not this court would be in conflict with all the district courts that have held on this issue. One thing I would note with respect to all of those decisions is that none of them appear to have considered whether there's a realistic possibility that the law could be applied in this matter. And that is, of course, both essential and detrimental to the argument in this case. If the court has no questions on the other remaining issues, particularly, I'd be happy to address the punishment question, but if there are no questions as to that. Well, I'd like for you to go back and perhaps elaborate or make clear to me the answer to the question I posed at the beginning, which was the logic between drawing the line where the legislature did. Why treat drug conspiracies differently from criminal conspiracies generally? I mean, you told me there are separate statutes. You told me they could. But I didn't absorb, and maybe I just missed it, why the legislature would have treated them differently, particularly in the wake of Pacheco, which explicitly lumped the two statutes together and talked about conspiracies under both the statutory provisions. So why treat it differently, and is there any indication in the legislative history that the legislature intended to do something with regard to one but not the other? I think that indication is clear from the legislative history, yes. The drug conspiracy statute in Washington was designed to be uniform with the Uniform Controlled Substances Act, which, of course, was modeled on the Federal Drug Control Act. And we know that because Section 603 in that same statutory provision states exactly that, that it is intended to be interpreted consistently and uniformly with that act, and the case law also mirrors that. And federally, as well as in the Uniform Controlled Substances Act, the drug conspiracy is treated differently from general conspiracy. So there's that, and you also have, Your Honor, the fact that in the 1997 amendment to criminal conspiracy, the legislature referenced the Model Penal Code as the basis for that amendment. The Model Penal Code suggested that unilateral conspiracies should not be a defense, and that is what the legislature in Washington adopted. But the Model Penal Code is not the basis for the Uniform Controlled Substances Act that was applied here or adopted here in Washington or elsewhere. So you have that to look at, Your Honor. And in addition to that, the Title IX itself provides a conflict clause, which we believe applies in this case. That title provides that unless otherwise expressly provided, or unless the context otherwise requires, that the definitions and provisions of Title IX will apply to other statutes. And our position, of course, is that the Washington Supreme Court has already held on this issue, and they have held that a bilateral agreement is required for drug conspiracy, and that stands. And I would note, Your Honor, that that is consistent with how Washington courts continue to apply bilateral agreements for drug conspiracies. There are multiple cases that we set forth in our brief that are post-Pacheco and after the 1997 amendment that indicate that a bilateral agreement is still required for drug conspiracy. And if that's the way the Washington courts are interpreting this, and they are not considering Pacheco to have been repealed, they are not considering the 1997 amendment to have changed that, then we submit that that is the proper interpretation of this question of Washington law. With no further questions, Your Honor, we would ask that the court affirm the district court's ruling. Thank you, counsel. I haven't heard yet why there would be any logic in the Washington legislature amending just the general conspiracy statute and not the drug conspiracy statute. And it's true that Washington drug conspiracy was modeled after the Uniform Controlled Substance Act. But notably in Pacheco, the Washington Supreme Court did not turn to 846 to determine what an agreement meant for a conspiracy. It turned to its Title 9A definition, because that, under Washington law, is the drug conspiracy definition. So the legislature didn't need to mention 407 in order to amend 407, because 407 is defined by the Title 9A definition. The government notes that it cited some Washington cases that continue to cite Pacheco for the bilateral requirement, and I don't disagree that there continues to be a bilateral requirement, but none of the cases that the government cites talk about the exception. In fact, all of the cases the government cites cite 9A and 407 together. In fact, one of them cites a murder conspiracy and a robbery conspiracy cases to show that Washington has a bilateral requirement. The cases the government itself cites shows that the definition is in lockstep. As the Washington courts have said, the definitions are concomitant. And finally, on the issue of Duenas-Alvarez, I would submit again that we don't need to find a case, because the Washington legislature, it doesn't require an act of legal imagination that the Washington state prosecution would enforce its statute the way it is written. But the government's argument with regard to Fuentes falls on its face. What the government is telling us is that in the state of Washington, you don't need a factual basis at all. And if you don't need a factual basis at all, it can't match exactly the elements of the federal offense. Okay, thank you very much for your argument to both counsel. This matter is submitted.
judges: Wardlaw, Clifton, Owens